*JUDGE SAND*

596-07MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GREEN REEFERS AS
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

**07 CV 11229**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GREEN REEFERS AS,

                Plaintiff,

  -against-

AGRICOLA LA LABOR S.A.,

                Defendant.
-------------------------------------------------------------------x

07 Civ _____ (____)



VERIFIED COMPLAINT
RECEIVED DEC 13 2007

      Plaintiff GREEN REEFERS AS (hereinafter "GREEN") for its Verified Complaint against Defendant AGRICOLA LA LABOR S.A. (hereinafter "ALL") alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party and the breach of a maritime contract of affreightment. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.  At all times material hereto, Plaintiff GREEN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Ulsmaagveien 7, P.O. Box 94 Nesttun, NO-5852 Bergen, Norway.

3.  At all times relevant hereto, Defendant ALL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Avenida Reforma 13-70, Zona 9 Edif. Real Reforma Of. 8D, Guatemala City, Guatemala.

4.  On or about September 20, 2004, Plaintiff GREEN, as owner of the M/V GREEN FREEZER, entered into a maritime contract of charter party with Defendant ALL, as charterer, for the carriage of melons from Puerto Barrios, Guatemala to Port Canaveral or Port Manatee in Florida.

5.  Subsequently, on or about July 15, 2005, Plaintiff GREEN, as owner of the M/V GREEN CRYSTAL, entered into a maritime contract of charter party with Defendant ALL, as charterer, for the carriage of melons from Puerto Barrios, Guatemala to Port Manatee in Florida.

6.  Freight and demurrage were payable by Defendant ALL to Plaintiff GREEN under both charters at an agreed rate.

7.  Plaintiff GREEN duly tendered both vessels into the service of Defendant ALL and fully performed its obligations as required under both the charter and the contract of affreightment.

8.  At the conclusion of the charters Defendant ALL owed freight and demurrage to Plaintiff GREEN in the sum of $1,581,980.

9.  In breach of the respective charters, and despite due demand by Plaintiff GREEN, Defendant ALL failed to pay the outstanding freight and demurrage due under both charters in the amount of $1,581,980.

10. Pursuant to Addendum Number One (dated August 19, 2005) to the July 15, 2005 charter, Defendant ALL agreed to pay yearly installments to Plaintiff GREEN for use of GREEN's coldstore facilities during discharge of ALL's melon cargo at Port Manatee. Each installment paid by ALL would then go towards part ownership (up to 10 percent) of the coldstore facilities.

11. In breach of Addendum Number One to the July 15, 2005 charter, and despite due demand by Plaintiff GREEN, Defendant ALL has refused and/or otherwise failed to pay amounts due and outstanding under Addendum Number One in the amount of $219,000, all of which remains due and outstanding.

12. On August 15, 2007, the parties entered into a Settlement Agreement whereby Defendant ALL was required to make installment payments in accordance with a monthly payment plan to satisfy ALL's outstanding debts under the charter parties and Addendum Number One.

13. Defendant ALL's first payment under the Settlement Agreement was due August 31, 2007.

14. The Settlement Agreement further provided that interest would accrue on the outstanding balances at the rate of 8 percent per annum.

15. In breach of the Settlement Agreement, in further breach of the charters and in further breach of Addendum Number One, Defendant ALL has refused and/or otherwise failed to make any payments due and outstanding under the Settlement Agreement, charter and contract of affreightment.

16.     In sum, Defendant ALL is presently liable to Plaintiff GREEN for a total of: $1,581,980 (freight and demurrage) + $219,000 (coldstore facility) + $38,712.50 (interest) = $1,839,692.50.

17.     Both the charter parties provide for the application of English law and disputes between the parties to be resolved by arbitration in London. Plaintiff GREEN specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

29.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for GREEN's claims made or to be made in arbitration in London, England under English law, as agreed by the parties.

30.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

31.     Plaintiff GREEN estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $400,000.00. Interest anticipated to be awarded is estimated to be $493,482.42 (calculated at the rate of 8% per annum compounded quarterly for a period of 3 years, the estimated time for completion of the proceedings in London).

32.     In all, the claim for which Plaintiff GREEN sues in this action, as near as presently may be estimated, totals **$2,733,142.92,** no part of which has been paid by Defendant ALL. Plaintiff GREEN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure GREEN.

**Request for Rule B Relief**

18.     Upon information and belief, and after investigation, Defendant ALL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff GREEN believes that Defendant ALL has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant AGRICOLA LA LABOR S.A. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

19.     The total amount sought to be attached pursuant to the above is **$2,733,142.92**.

WHEREFORE, Plaintiff GREEN REEFERS AS prays:

a.      That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.      That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$2,733,142.92** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant AGRICOLA LA LABOR S.A., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the

possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
December 13, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GREEN REEFERS AS

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY  10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
13th day of December, 2007

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08